# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TINA LYNNE WAGONER,**

    **Plaintiff,**

**v.**                                                            **Case No: 6:17-cv-917-Orl-40KRS**

**DONNA LEE (SMITH) WAGONER,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PAYMENT (Doc. No. 5)
>
> **FILED:** September 29, 2017

## I. PROCEDURAL HISTORY.

On May 19, 2017, Plaintiff, Tina Lynne Wagoner, filed a complaint asserting a claim against Defendant, Donna Lee Wagoner. Doc. No. 1. In her complaint, Plaintiff alleges that her father passed away in May 2015, that she is the only living child from his first marriage, and that she is heir to his estate, though her father had another child with Defendant, who is Plaintiff's step-mother. Plaintiff alleges that Defendant is depriving her of her right to her father's estate "under cruel and unusual punishment." She states her injuries as "Loss of only (living) direct family, immediate family and natural parent." *Id.* at 3. She seeks her share of her father's estate, which she claims to be $100,000.00, the home he shared with Defendant, and life insurance. *Id.* at 5.

On August 28, 2017, the Court ordered Plaintiff to either pay the filing fee or file an application to proceed *in forma pauperis* within fourteen days. Doc. No. 4. Plaintiff did not comply with that deadline, but on September 29, 2017 she filed an Application to Proceed Without Prepayment of Fees, which I construe as a motion to proceed *in forma pauperis*. Doc. No. 5. That motion has been referred to me, and it is now ripe for review.

## II. STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants — prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). To state a claim on which relief may be granted, a plaintiff's complaint must contain sufficient factual content to bring her claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is frivolous within the meaning of § 1915(e)(2)(B), if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if an affirmative defense, such as expiration of the statute of limitations, would defeat the action. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 and n.2 (11th Cir. 1990) (citing several examples).

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject-matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)) (cited as persuasive authority). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction,

doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject-matter jurisdiction, even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

**III. ANALYSIS.**

I recommend that the Court deny Wagoner's motion to proceed *in forma pauperis* and dismiss her complaint for lack of subject matter jurisdiction. Plaintiff alleges that her case arises under the Civil Rights Act, 42 U.S.C. § 1983. Doc. No. 1, at 1. Section 1983 provides a federal cause of action against any person who, acting under the color of state law, deprives a person of a federal right. A private actor is not subject to liability under § 1983 unless she conspires with a state actor. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). Plaintiff has failed to plead facts sufficient to state a § 1983 claim because she has not alleged the deprivation of any federal right by a state actor or that Defendant conspired with a state actor to deprive her of a federal right.

I can also discern no basis for the Court to exercise its diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff seeks in excess of $100,000.00. She lists her address as the Bedford Hills Correctional Facility in Bedford Hills, New York, and provides an Orlando, Florida address for Defendant. Although it might initially appear that she has provided the requisite basis for diversity jurisdiction, the information in her complaint is not sufficient to establish the citizenship of the parties. "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011); *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir.

2009). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted). By merely stating Defendant's place of residency in the form of her address, Plaintiff has failed to properly allege Defendant's citizenship, leaving the Court unable to determine whether Defendant is actually a citizen of Florida.

Additionally, it is not clear that Plaintiff is a citizen of New York. "A prisoner's place of incarceration does not establish citizenship. A prisoner's citizenship is determined by his domicile prior to incarceration." *Permanent Gen. Assurance Corp. v. Byrd*, No. 6:17-cv1363-Orl-31TBS, 2017 WL 4083556, at *3 (M.D. Fla. Aug. 23, 2017), *report and recommendation adopted*, No. 6:17-cv-1363-Orl-31TBS, 2017 WL 4078037 (M.D. Fla. Sept. 13, 2017) (citations omitted). Plaintiff has not alleged facts sufficient to establish her domicile prior to her incarceration and therefore has failed to properly allege her citizenship.

"In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction." *Moreno v. Breitburn Fla., LLC*, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011) (citation omitted). Because Plaintiff has failed to adequately plead jurisdiction, I recommend that her complaint be dismissed for lack of subject-matter jurisdiction and that the Clerk of Court be directed to terminate the motion to proceed *in forma pauperis* (Doc. No. 5).

Ordinarily, a pro se party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In an amended complaint, Plaintiff must clearly allege the legal basis of her cause of action, whether a constitutional provision, treaty,

statute or common law.  Plaintiff should be aware, however, that as a federal court, this Court has the ability to determine whether she has an interest in her father's estate, but has no ability to award her any of the property of the estate.  *See Michigan Tech Fund v. Century Nat. Bank of Broward*, 680 F.2d 736, 739 (11th Cir. 1982) (quoting *Markham v. Allen*, 326 U.S. 490, 494(1946) ("(F)ederal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.").  In her complaint, Plaintiff requests that if this Court is not the proper forum for her action, she be advised of the proper forum.  The Court lacks sufficient information to make this recommendation, but presumes that the most appropriate place to contest her claims to her father's estate would be the probate court that is administering her father's estate, if those proceedings are still on-going.

## IV.    RECOMMENDATION

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the complaint, and **DENY** the motion to proceed *in forma pauperis* (Doc. No. 5).  I further **RECOMMEND** that the Court give Plaintiff leave to file an amended complaint within a time established by the Court along with a renewed motion to proceed in forma pauperis.  Finally, I **RECOMMEND** that the Court advise Plaintiff that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 2, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy