# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TINA LYNNE WAGONER,

        Plaintiff,

v.                                Case No:   6:17-cv-917-Orl-40KRS

DONNA LEE (SMITH) WAGONER,

        Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PAYMENT (Doc. No. 11)** |
| **FILED:** | **November 9, 2017** |

On May 19, 2017, Plaintiff, Tina Lynne Wagoner, filed a complaint asserting a claim against Defendant, her step-mother Donna Lee Wagoner, alleging that Defendant is depriving her of her right to her deceased father's estate "under cruel and unusual punishment."  Doc. No. 1.  She filed an Application to Proceed Without Prepayment of Fees, which I construed as a motion to proceed *in forma pauperis*.  Doc. No. 5.  I recommended that her motion be denied without prejudice and her complaint dismissed for lack of subject-matter jurisdiction because she failed to allege facts sufficient to show that this court has either diversity or federal question jurisdiction over her claims.  Doc. No. 6.  The Court adopted the Report and Recommendation and dismissed Plaintiff's complaint, granting her leave to amend.  Doc. No. 7.

Plaintiff has now filed an amended complaint and a renewed Application to Proceed Without Prepayment of Fees, which I again construe as a motion to proceed *in forma pauperis*. Doc. Nos. 10, 11.  In her amended complaint, Plaintiff has not corrected any of the deficiencies identified in her original complaint.  If anything, it appears her amended complaint suggests even less of a basis for federal court jurisdiction than her original complaint.

Plaintiff has now twice failed to allege facts sufficient to establish that this Court has subject-matter jurisdiction over this action.  The Court advised her in detail what she needed to allege in order to establish jurisdiction, but she failed to do so.  Doc. No. 6.  Under these circumstances, it appears that if Plaintiff were afforded a second opportunity to amend her allegations, she still would be unable to establish jurisdiction in this case.  For this reason, I recommend that the Court find that granting Plaintiff leave to file a second amended complaint would be futile.

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the case for lack of subject matter jurisdiction.  I **FURTHER RECOMMEND** that the Court **DIRECT** the Clerk of Court to terminate all pending motions and close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 14, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy