UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TINA LYNNE WAGONER,

    Plaintiff,

v.                                               Case No: 6:17-cv-917-Orl-40KRS

DONNA LEE (SMITH) WAGONER,

    Defendant.
_____/

## **ORDER**

This cause is before the Court on Plaintiff's Renewed Motion to Proceed *in forma pauperis* (Doc. 11), filed November 9, 2017. Magistrate Judge Karla R. Spaulding submitted a Report and Recommendation ("R&R") on November 14, 2017. (Doc. 12). The R&R recommended that the Court dismiss the case for lack of subject matter jurisdiction. (*Id* at p. 2). On December 1, 2017, Plaintiff filed Objections to the R&R. (Doc. 13).

Upon *de novo* review, the Court accepts the R&R's recommendation that the Amended Complaint be dismissed for lack of subject matter jurisdiction.

### I.    BACKGROUND

On May 19, 2017, Plaintiff Tina Lynne Wagoner filed a Complaint against Defendant Donna Lee Wagoner. (Doc. 1). On October 2, 2017, Magistrate Judge Spaulding submitted a different Report & Recommendation recommending the Complaint be dismissed for lack of subject matter jurisdiction. (Doc. 6). The Court so dismissed the Complaint. (Doc. 7). The October 2, 2017, Report & Recommendation advised Plaintiff of the pleading requirements to establish subject matter jurisdiction. (*Id.*).

1

On November 9, 2017, Plaintiff filed a one-page Amended Complaint (Doc. 10) and Renewed Motion to Proceed *in forma pauperis* (Doc. 11). The Amended Complaint alleges that Plaintiff Tina Lynne Wagoner is currently incarcerated, and that during her incarceration, the executors of her father's estate failed to give her "that which is rightfully [Plaintiff's] to claim." (Doc. 10).

On November 14, 2017, Magistrate Judge Spaulding submitted a R&R, recommending that the case be dismissed for lack of subject matter jurisdiction. (Doc. 12, p. 2). Plaintiff objected on November 14, 2017. (Doc. 13).

## II.  STANDARD OF REVIEW

When a magistrate judge has been designated to decide a matter that is dispositive in nature, the magistrate judge must issue a report to the district judge specifying proposed findings of fact and the recommended disposition. Fed. R. Civ. P. 72(b)(1). Any party who disagrees with the magistrate judge's decision has fourteen days from the date of the decision to seek the district judge's review by filing objections to those specific portions of the decision with which the party disagrees. Fed. R. Civ. P. 72(b)(2). The district judge must then make a *de novo* determination of each issue to which objection is made. Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam). The district judge may then accept, reject, or modify the magistrate judge's recommendation, receive additional evidence or briefing from the parties, or return the matter to the magistrate judge for further review. Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

Plaintiff's Objection is due to be overruled. To exercise jurisdiction over an action, there must exist a basis for jurisdiction. "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for 'federal-question' jurisdiction, § 1332 for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006).[1] To properly invoke diversity of citizenship jurisdiction, the plaintiff must plead that the parties are completely diverse and the amount in controversy exceeds $75,000. *Id.*

Plaintiff again fails to allege subject matter jurisdiction despite being specifically advised of the pleading requirements. (Doc. 6). Magistrate Judge Spaulding correctly noted that "Plaintiff [had] not corrected any of the deficiencies identified in her original complaint," and therefore recommended that the Amended Complaint be dismissed for lack of subject matter jurisdiction. (*Id.* at p. 2). Moreover, the Amended Complaint lacks specific allegations of wrongdoing and instead states general grievances relating to her father's estate. (Doc. 10).

The Amended Complaint likewise does not allege a basis for diversity of citizenship jurisdiction. Plaintiff lists her address as the Bedford Hills Correctional Facility in Bedford Hills, New York. (*Id.*). Magistrate Judge Spaulding's October 2, 2017, R&R emphasized that "[a] prisoner's place of incarceration does not establish citizenship. A person's citizenship is determined by his domicile prior to incarceration." (Doc. 6, p. 4 (quoting

---

[1] The Amended Complaint does not allege a basis for federal-question jurisdiction. (Doc. 10). The Amended Complaint, and Objection, alleges in conclusory fashion that this suit is proper under various Constitutional Amendments. (Docs. 10, 13). Plaintiff's allegations do not come close to pleading a basis for federal question jurisdiction.

*Permanent Gen. Assurance Corp. v. Byrd*, No. 6:17-cv-1363-Orl-31TBS, 2017 WL 4078037, at *3 (M.D. Fla. Aug. 23, 2017))). Nonetheless, Plaintiff fails to allege her domicile prior to incarceration. (Doc. 10). Furthermore, the Amended Complaint fails to allege Defendant's domicile, although Plaintiff states in her Objection that Defendant is domiciled in Florida. (Doc. 13). An Objection to a Report & Recommendation is no place to allege jurisdiction, and even if it were, Plaintiff's allegations would still be deficient. (Docs. 10, 13).

The Court has a duty to liberally construe a *pro se* plaintiff's filings and to afford greater leeway in alleging a claim for relief than what is given to licensed attorneys. *Tennyson v. ASCAP*, 477 F. App'x 608, 609–10 (11th Cir. 2012) (per curiam). Nevertheless, "a *pro se* party must follow the rules of procedure and evidence, and the district court has no duty to act as [a *pro se* party's] lawyer." *Id.* at 610 (internal quotation marks omitted). After dismissing a complaint, district courts may grant leave to amend subject to reasonable limitations. *Anderson v. Vanguard Car Rental USA, Inc.*, 304 F. App'x 830, (11th Cir. 2008). "A district court need not allow an amendment: '(1) where there has been undue delay . . . or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" *Id.* (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).

Because Plaintiff has twice failed to allege grounds for subject matter jurisdiction despite specific instructions for doing so, and thereafter failed to explain why amendment would not be futile in Plaintiff's Objection to the Magistrate's R&R, the Amended Complaint is due to be dismissed with prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff, Tina Lynne Wagoner's Objection to the R&R (Doc. 13) is **OVERRULED**.

2. Magistrate Judge Karla R. Spaulding's Report and Recommendation filed November 14, 2017, (Doc. 12) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. The Amended Complaint (Doc. 10) is **DISMISSED**.

4. The Clerk of Court is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Orlando, Florida, on April 2, 2018.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties